Opinion issued July 24, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00836-CR




FERMIN LIRA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 892888




MEMORANDUM OPINION

          A jury found appellant, Fermin Lira, guilty of the felony offense of injury to
a child, and, after finding that appellant had used a deadly weapon in the commission
of the offense, assessed punishment at 40 years’ confinement. 
          In his sole point of error, appellant argues that he was deprived of his right to
a fair trial when the State made manifestly improper comments during the punishment
phase of trial.
          We affirm.
Facts
          In November of 2001, appellant was living with his girlfriend, Sandra Mendez,
and Mendez’s two young children in a room attached to the home of his parents. On
November 2, 2001, after coming home from work, appellant picked up Mendez’s two
children from Maria Dominquez, who was caring for the children, and took them to
his mother’s house. At around 9:00 p.m., appellant took the children to the attached
room where he was living. At around 10:00 p.m., appellant told his mother that one
of the children, two-year-old Cesar Castillo, had fallen. The family then called the
police, but when no emergency vehicles arrived after about ten minutes, they took the
child to the hospital. Cesar was not breathing when he arrived at the hospital, and
hospital personnel were not able to revive him. He was pronounced dead at
approximately 11:45 p.m. 
          While the hospital personnel were trying to revive Cesar, appellant left the
hospital to pick up Mendez from work, and told her that Cesar had fallen off the bed
and was hurt. Appellant later told the police that he was showing Cesar a karate kick
and that he accidentally kicked him twice. 
          Dr. Dwayne A. Wolfe, a medical examiner for the Harris County Medical
Examiner’s office, testified that there was evidence of extensive trauma to Cesar’s
face, head, and neck. Dr. Wolfe also stated that Cesar had been struck by multiple
blows and that there were at least 20 separate injuries on Cesar’s body. Dr. Wolfe
further testified that two of the injuries occurred prior to the night of Cesar’s death.
          The jury found appellant guilty of the felony offense of injury to a child. 
During the punishment phase of trial, the State made the following remark:
Probation is not a right. It’s a privilege. Male lions [sic] they come
across a cub belonging to another male lion, they pounce on it, they eat
it. This is an instinct they never lose. Ever. They cannot be
rehabilitated to lose that instinct. Fermin. I don’t wish to compare him
to such a noble animal as a lion, but they’re asking to let him lose [sic]
on the street. There is a chance, however, slight, that it could happen
again.

          Appellant then objected, stating that, “that’s outside the record. There is no
evidence of it.” The trial court sustained the objection and then instructed the jury
to disregard the comment. Appellant’s subsequent request for a mistrial was denied.
Discussion
          Appellant, in his sole point of error, argues that the State’s comments during
the punishment phase of trial deprived him of his right to a fair trial. Appellant
contends that the State’s comments were manifestly improper because there was no
evidence suggesting that appellant would offend again, and because the State implied
that appellant was less than an animal. 
          Proper closing arguments consist of the following: (1) summations of the
evidence, (2) reasonable deductions from the evidence, (3) answers to argument of
opposing counsel, and (4) pleas for law enforcement. Westbrook v. State, 29 S.W.3d
103, 115 (Tex. Crim. App. 2000). Generally, the appropriate remedy for improper
argument is an instruction to disregard. McGinn v. State, 961 S.W.2d 161, 165 (Tex.
Crim. App. 1998). We will presume that the jury follows the trial court’s instruction
to disregard. Waldo v. State, 746 S.W.2d 750, 752-53 (Tex. Crim. App. 1988). A
prompt instruction to disregard will generally cure any harm caused by an improper
jury argument. Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). When
there has been an instruction to disregard, only offensive or flagrant error warrants
reversal, and such error “must have been a willful and calculated effort on the part of
the State to deprive [the appellant] of a fair and impartial trial.” Westbrook, 29
S.W.3d at 115-16. 
          In this case, the trial court sustained appellant’s objection to the comment by
the State, and instructed the jury to disregard the statement. Assuming, arguendo, that
the State’s comment was improper, we hold that the comment in this case was not
“flagrant error,” or a “willful and calculated effort on the part of the State” to deprive
appellant of a fair trial. We presume that the jury followed the trial court’s instruction
to disregard, and, accordingly, we hold that the trial court did not err in refusing to
grant appellant’s motion for a mistrial. See Waldo, 746 S.W.2d at 752-53.
          We overrule appellant’s sole point of error.Conclusion
We affirm the trial court’s judgment. 
 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 42.2(b).